### A. M. MUSGROVE *vs.* ROBERT LUSK and others.

### October Term, 1875.

EXCEPTIONS TO A REPORT ARE IN THE NATURE OF A SPECIAL DEMURRER.— Exceptions to the master's report can only be made by the party aggrieved, and must be confined to the report itself and the evidence on which it is based.

CASE IN JUDGMENT.—Thus, an adult defendant cannot, by exceptions, raise questions in which infant co-defendants are alone interested, nor review the validity of the previous proceedings in the cause.

DECREE BY CONSENT—INFANT.—*Semble*, a decree by consent, even in the case of an infant, cannot be set aside on that ground alone.

*Morris*, for complainant.
*Lellyett*, for defendants.

THE CHANCELLOR :—This bill was filed to foreclose a deed of trust made by William N. and Martha W. Bilbo to Robert Lusk, to secure notes executed by them to the complainant for borrowed money. The land conveyed in the trust deed was the property of Martha W. Bilbo. William N. Bilbo died before the filing of the bill, and Martha W. Bilbo and her three children by William N. Bilbo were made defendants. One of these children was designated in the bill, and in the summons, by the name of Florence, and she is also so named in the order appointing the guardian *ad litem*. In

the answer of the guardian *ad litem*, and in the subsequent proceedings, she is designated by the name of Helen. Martha W. Bilbo answered and died, and the suit was revived against her personal representative. On the 18th of January, 1874, a decree was rendered, ascertaining the complainant's debt and ordering a sale of the land for its satisfaction. The children appealed to the supreme court, but afterwards the appeal was dismissed by the general guardian of the infants and the solicitor who represented the interests of the infants, and, on the 27th of July, 1874, a decree was rendered, with the assent of, and signed by, said guardian and solicitor and William N. Bilbo, one of the children, reducing the complainant's debt, and embodying an agreement on her part to accept a certain sum in full satisfaction, in certain instalments at designated dates, provided the instalments were promptly paid ; and, if not, with the right to insist upon the whole of her debt, and the sale of the property in satisfaction thereof. The terms of payment not having been complied with, the complainant, at the present term, asserted her rights under the agreed decree, and entered a decree for a re-sale of part of the land. The master has accordingly sold the land, and reports that the complainant has become the purchaser. To this report William N. Bilbo, one of the children, now of age, files the following exceptions :

1st. Because Martha Helen Bilbo, one of the heirs of William N. and Martha W. Bilbo, was not before the court under the bill and proceedings, although a decree is taken against her as Helen Bilbo.

2d. Because Eugenie Florence Bilbo was not properly made a party, being only designated as Eugenie Bilbo.

3d. The agreed decree of July 26, 1874, is void because no valid consent of the infants and their guardian *ad litem* was had, nor were they competent to give consent.

4th. The consent decree does not provide for the sale as made.

5th. The sale was not made in pursuance of the deed of trust, the original bill, or any valid agreement.

6th. Because the sale is manifestly not for the interest of the minors.

The last exception is probably true in point of fact, because no sale for their mother's debts could be for the minors' interest. But every heir might assert the same with equal truth as against the liabilities of a parent. The exception, in the form presented, is too general. To merit notice it should have pointed out some legal and sufficient reason, based upon the facts of record, to satisfy the court that this particular sale, some sale being inevitable, was conducted to the prejudice of the infants. The reason must, moreover, as a general rule, be such as would be equally available if the party were an adult. Such an exception, besides, can only be made by the parties aggrieved. If the infants themselves, by their guardian *ad litem*, do not complain, no one else can base an exception for himself on the supposed injury to them.

The first and second exceptions are, in substance, that Martha Helen Bilbo and Eugenie Florence Bilbo, two of the children of William N. and Martha W. Bilbo, are not properly before the court. But the fact that William N. and Martha W. Bilbo had any children of these names nowhere appears in this record. Exceptions to a report are of the nature of a special demurrer. *Ridley* v. *Ridley*, 2 Coldw. 323, 332. A speaking demurrer is clearly bad, and speaking exceptions must be equally inadmissible, and for the same reason. The court cannot go outside of the record to act upon them.

The gravamen of the third exception is that the consent decree of the 27th of July, 1874, is not binding on the infants because it does not show a valid consent of the minors and the guardian *ad litem*, nor were they competent to give consent. But the exceptant signed the decree as an adult, and cannot set up on his behalf the want of assent

of his infant sisters. Besides, the decree is the decree of the court, and whether the infants or their guardian *ad litem* consented or not is immaterial, so long as it appears that the court consented for them. It was for the Chancellor to determine whether the departure in the terms of sale from the provisions of the deed of trust, or the prayer of the bill, was for the interest of the infants, and his determination, embodied in the decree, is conclusive upon the court until changed in some one of the modes prescribed by law for the correction of errors. This answers also the fifth exception.

The fourth exception is that the consent decree does not provide for the sale as made. But the court has determined otherwise in the decree ordering the sale, and cannot look behind that decree so long as it remains in force.

And this leads to the suggestion that all of these exceptions are fundamentally defective. They undertake to point out errors, not in the sale or the master's report, but in the proceedings which preceded the decree of sale. The object of the exceptions is, therefore, to review the previous proceedings, and have the validity of all former orders and decrees passed upon in a summary way. I am not aware of any law or usage which sanctions such a practice. A party cannot have the benefit of a rehearing, or a bill of review, or an appeal, or writ of error, or an original bill, by simply filing exceptions to a report. The former proceedings must be considered as conclusive as to the matters of reference. Exceptions to the report must be confined to the report itself, the order being considered as conclusive, and to the evidence on which the report is based. If the master has obeyed the decree, and his report is sustained by the facts, exceptions are of little avail.

Nor do I see that a bill of review, based upon any of the grounds relied upon in the exceptions, would lie. It was held by the House of Lords, as early as 1699, that an appeal would not lie from a decree by consent. *Downing* v. *Cage*, 1 Eq. Ca. Abr. 165. In *Harrison* v. *Rumsey*, 2

Ves. 488, upon petition, Lord Hardwicke alluded to this ruling as established law, and said he would by no means set aside a decree obtained by consent of counsel on both sides, for it would be most dangerous. A year or two later, in *Bradish* v. *Gee*, Amb. 229, the same great judge said: "Where a decree is made by consent of counsel, there lies not an appeal or rehearing, though the party did not really give his consent; his remedy is against his counsel; but, if such decree was by fraud and covin, the remedy was by original bill." Citing *Richmond* v. *Tayleur*, 1 P. W. 734; *s. c.*, 2 Eq. Ca. Abr. 516. This was a decision by Lord Macclesfield, made in 1721, upon a bill to set aside a decree against an infant upon a hearing by consent. It is in this case that an intimation was thrown out that an infant might impeach a decree for error by an original bill, the court, in corroboration, saying that Mr. Vernon always advised this course. That an infant is bound by a consent decree, even without a reference, was distinctly ruled by Lord Thurlow, in *Wall* v. *Bushby*, 1 Bro. C. C. 484. And it is now well settled, both in England and America, that a decree by consent cannot be set aside merely on that ground; neither upon petition, *Harrison* v. *Rumsey*, 2 Ves. 488; nor upon a petition for rehearing, *Coster* v. *Clarke*, 3 Edw. Ch. 428; *Decarters* v. *La Farge*, 1 Paige, 574; nor upon an appeal, *Foder* v. *Sampson*, 7 Bro. P. C. 244; *Williams* v. *Neil*, 4 Heisk. 279; *Atkinson* v. *Manks*, 1 Cow. 693; nor by bill of review, *Webb* v. *Webb*, 3 Swans. 658. "For," says Lord Nottingham in this last case, "there can be no error in a decree by consent, *consensus tollit errorem;* there can be no injustice in a decree by consent, *volenti non fit injuria.*" To the same effect is *Smith* v. *Turner*, 1 Vern. 274, as shown by the register's book, although the report is otherwise. See the record itself in Raithby's edition of Vernon. See, also, as to the effect of decrees by consent, *Van Lew* v. *Parr*, 2 Rich. Eq. 328; *White* v. *Duke of Buccleuch*, L. R. 1 Sc. & Div. App. 70; *Dillard* v. *Harris*, 2 Tenn. Ch. 196; *Jones* v. *Williamson*, 5 Coldw. 371.