# RADER *v.* YEARGIN.

## (*Nashville.* March 1st, 1887.)

1. CHANCERY PRACTICE. *Exception to Master's report.*

   An exception to a Master's report, like a special demurrer, must point out distinctly and specifically the objection relied on. It must be positive, explicit, and certain, leaving nothing to supposition or inference.

   Cases cited and approved: Ridley *v.* Ridley, 1 Cold., 332; Musgrove *v.* Lusk, 2 Tenn. Ch., 576; Green *v.* Lanier, 5 Heis., 670.

2. ADMINISTRATOR'S BOND. *Surety's liability for debt due by the administrator to the estate.*

   A surety upon an administrator's bond does not thereby become *surety* for an antecedent debt due from his principal to the estate; but if such debt is lost by the subsequent insolvency of his principal, he will be held responsible therefor, if it could have been collected off his principal, by one representing the estate, in that matter, with due and proper diligence.

   Cases cited and approved: Spurlock *v.* Earles, 8 Bax., 437; Mickle *v.* Brown, 4 Bax., 468; Cator, *ex parte,* 14 Lea, 408.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. A. G. MERRITT, Ch.

McLAIN & HALEY for Rader.

ALLEN & COVINGTON for Yeargin.

Folkes, J.   Pryor L. Parks died in 1866, and immediately thereon his two brothers, Perry H. and W. D. Parks, qualified as administrators.   They filed an inventory in the County Court, from which it appears that, among other assets of their intestate, there were two notes, one made by said Perry H. for $2,700 and one by said W. D. Parks for $1,070.50, due and payable to their brother, the intestate.

In July, 1869, more than two years and six months after their appointment, they made a settlement with the County Court, charging themselves with assets $5,836.49, and crediting themselves with $2,895.36, showing a balance due by them to the estate of $2,941.13.   They then resigned.

In March, 1872, the original bill is filed in this cause by Jacob Rader as administrator *de bonis non* of Pryor L. Parks and as husband of a sister of said Pryor L., and by another sister, Mrs. McFarland, and her husband, against W. D. Parks, and James A. Yeargin as surety on the administration bond of said W. D. and Perry H. Parks, the latter of whom had died without issue, leaving a widow but with no administration yet taken on his estate.   The other surety on the administration bond was not sued, as he was dead and his estate insolvent.

There were several matters set up in the bill upon which relief was sought, but none of which are material to be noticed here, as the case is

Rader *v.* Yeargin.

before us only on the appeal of Defendant Year-
gin from so much of the final decree as holds him
liable as surety on said administration bond for
the sum of $494.03, which is the amount found
due from Perry H. to the estate of Pryor L.
Parks, after crediting him with his distributive
share in his brother's estate and after crediting
him with *pro rata* realized from his own estate,
which by proper pleadings were brought into the
original cause and administered as an insolvent es-
tate.

To the report of the Master fixing the $494.03
as the proper balance due from the administrators
of Pryor L. Parks, the appellant, Yeargin, filed his
exceptions, in which he says, after referring to
said two notes as properly embraced in the in-
ventory: "It is shown on final settlement in the
County Court that all the assets have been ad-
ministered according to law except said notes; and
it is shown in this cause that all the property,
both real and personal, belonging to the estate of
both Perry H. and W. D. Parks have been ex-
hausted in payment of the debts of said Perry H.
and W. D., and, this being true, as appears of
record, defendant insists that, because of his sure-
tyship, he is not in any manner liable for said
indebtedness. See transcript of County Court rec-
ord in this cause."

This exception is not good upon its face. An
exception to a report of the Master, like a special
demurrer, must point out certainly and specifically

the objection relied on; it must be positive, explicit, and certain, leaving nothing to supposition or inference. *Ridley* v. *Ridley*, 1 Cold., 332; *Musgrove* v. *Lusk*, 2 Tenn. Ch. R., 576; *Green* v. *Lanier*, 5 Heis., 670.

Everything stated in this exception may be true, and yet the defendant, Yeargin, be liable as surety. It by no means follows that because the estate of Perry H. Parks is settled as an insolvent estate, paying only sixty-seven cents on the dollar, in a litigation begun in 1872, more than five years after the date when he was appointed administrator of his brother's estate, the money could not have been made out of him during his life.

This exception is merely a repetition of the defense made in the answer, where he says: "But in going upon the bond of the administrator he did not thereby become surety on said notes"— a proposition which we suppose no one will gainsay.

The record discloses the fact that Perry H. Parks was solvent and able to pay the debt due by him to his brother. Indeed, the answer of Yeargin admits as much, notwithstanding he seeks to combat it later. It says, referring to P. H. Parks: "His residence was in Davidson County at the time of his death, and he owned a good estate, consisting of real and personal property in said county."

It is insisted that he thought his share in his brother's estate would pay the debt, and for this

reason his surety should not be held liable. By the exercise of ordinary diligence he could have easily ascertained the fact, and so have settled the matter. Not only did he fail to do this, but in his settlement with the County Court he retained for his services as administrator the sum of five hundred dollars, leaving his debt to his intestate unpaid, thus appropriating to his own use a sum larger than the amount now charged to his surety.

The degree of diligence required of an administrator who is a debtor to the estate, in the payment of the debt, at the suit of those who are entitled to the fund, is the same that is imposed upon him in collecting a debt from a third party. *Spurlock* v. *Earles*, 8 Bax., 437. And the liability of the surety on his official bond is the same as where the debt was due by a stranger.

The criterion of the administrator's liability is that degree of diligence which would be expected of a reasonably prudent and diligent man in the management of his own affairs. Where good faith is shown, our courts do not hold him to the utmost degree of diligence. *Mickle* v. *Brown*, 4 Bax., 468; in matter of M. E. Cator, executor, 14 Lea, 408.

Under the most liberal application of the rule the surety in this case is liable.

Let the decree be affirmed and the report confirmed, with costs.