Frederick H. Wachsmuth *et al.* Appellants, *vs.* The Penn Mutual Life Insurance Company *et al.* Appellees.

*Opinion filed October 26, 1909.*

1. Executors and administrators—*when debt of executor to estate must be treated as paid.* Where a debtor is appointed executor or administrator of his creditor's estate, and he has at the time of such appointment sufficient property to pay his debts, including the one to the estate, the law regards the debt to the estate as paid and the amount thereof as cash in the hands of such executor or administrator, notwithstanding he may subsequently become insolvent.

2. Same—*when refusal to permit sale of land to pay debts is proper.* A petition by executors to sell land to pay debts of the estate should be denied where it appears that the alleged deficiency of assets is due to the failure of the executors, who were solvent at the time of their appointment, to charge themselves with the amount of their personal indebtedness to the estate and inventory the same as cash.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Probate Court of Cook county; the Hon. Charles S. Cutting, Judge, presiding.

William Garnett, (Moran, Mayer & Meyer, of counsel,) for appellants:

The executors in the case at bar were insolvent at the time of their appointment and continued to be down to the date of the hearing. *Best* v. *Fuller*, 185 Ill. 43; *Atwater* v. *Bank*, 152 id. 605; *Bank* v. *Walton*, 5 L. R. A. 765.

Where an executor is indebted to his testator and is insolvent and unable to pay his debt at the time of the death of the testator, and continues so to be, such debt from the executor will not be treated as assets in the hands of the executor. *In re Walker*, 125 Cal. 242; *McCarty* v. *Frazer*, 62 Mo. 263; *In re Georgi*, 47 N. Y. Sup. 1061; *In re Howell's Estate*, 61 L. R. A. 313; *Lyon* v. *Osgood*,

58 Vt. 707; *State* v. *Gregory,* 119 Ind. 503; *Condit* v. *Winslow,* 106 id. 142; *Wilson* v. *Ruthrauff,* 82 Mo. App. 435; 2 Woerner on Administration, secs. 311, 512.

ASHCRAFT & ASHCRAFT, and CHARLES L. BARTLETT, (HARRISON B. RILEY, of counsel,) for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the First District affirming a decree of the probate court of Cook county which dismissed the petition of Frederick H. Wachsmuth and Louis C. Wachsmuth, executors of the last will and testament of Henry F. Wachsmuth, deceased, for leave to sell lands to pay debts. The executors have prosecuted a further appeal to this court.

Henry F. Wachsmuth died November 2, 1900, leaving a last will, by which he devised to each of his sons a piece of real estate in Chicago, and to both of them, share and share alike, a third piece of Chicago city property. His sons, who are his executors and appellants in this case, were his sole devisees. It does not appear that Henry F. Wachsmuth owned any other real estate than the three pieces above referred to. He left personal property to the amount of $5595.08. The debts probated against his estate amounted to $12,850.33, thus showing a deficiency of personal assets of $7254.25. The petition to sell the real estate was based on a just and true account filed December 12, 1905, which showed the deficiency of personal assets as above stated. All of the real estate of which the testator died seized was encumbered by trust deeds or mortgages placed thereon by the testator. The liabilities of the estate under these encumbrances was $35,500. One piece of property was sold under foreclosure and failed to bring the full amount of the encumbrance against it. The parcel of real estate known as the Forty-seventh street property, which was devised to Louis C. Wachsmuth, was mortgaged for

$11,000. This indebtedness was paid with part of the proceeds of a $15,000 trust deed placed on the property by Louis C. Wachsmuth after his father's death. This trust deed was executed to Francis B. Peabody, and finally, by assignment, became the property of the Penn Mutual Life Insurance Company, and was by that company foreclosed and the property sold for the amount of the debt and costs, and no redemption having been made, a deed was issued by the master in chancery to the Penn Mutual Life Insurance Company on October 26, 1904, and afterwards the insurance company conveyed the said property and the title thereto is now in Bernard Baumgarden. The encumbrance upon the other piece of property, which is known in the record as the Rhodes avenue property, was $10,000, and this piece was devised to Frederick H. Wachsmuth by the will.

The ground upon which the probate court dismissed appellants' petition was, that it did not appear that there was any deficiency of personal assets to pay the debts of the estate. This holding is based upon the admitted facts that the executors were at the time of their appointment indebted to their father's estate, on account of money loaned to them by their father in his lifetime, in the sum of $10,000, and that the property devised to appellants under the will was at a fair market value worth $70,000, or $34,500 more than the aggregate amount of encumbrances thereon.

The evidence shows that the appellants had property in their own right at the time they were appointed executors, valued at $5000, and that their personal liabilities were $27,000. Deducting the individual liabilities of the executors from the value of the equities devised to them, it appears that the executors were solvent and able to pay the $10,000 indebtedness which they owed to their father's estate. Under these facts the probate court held that the debt due from appellants to the estate must be regarded as cash assets in the hands of the executors available for the payment of claims against the estate, and that so regarding

this amount, and adding it to the $5595.08 of other personal assets belonging to the estate, the deficiency of personal assets disappears, hence there was no authority, under the law, for resorting to a sale of real estate to pay debts. The Appellate Court took the same view of this question that the probate court did and affirmed its decree.

The appellees have assigned cross-errors on the record which call in question the rulings of the court on other questions which were decided in favor of appellees, but in the view which we have of the question already stated it will not be necessary for us to either state the facts out of which they arose or decide the questions raised by the cross-errors assigned. The ultimate question to be determined is, should the $10,000 debt due the estate from the executors be regarded as so much personal assets, which by operation of law is converted into càsh in the hands of the executors? If this question is answered in the affirmative, it follows, as a necessary sequence, that there was no deficiency in the personal property and that the decree dismissing the petition is correct.

Appellees contend that when a debtor is appointed administrator of his creditor's estate the debt is considered paid and the administrator is chargeable with the amount thereof in the settlement of his accounts, regardless of the financial condition of the administrator. This contention is supported to the full extent claimed by appellees by the Supreme Court of Massachusetts in *Leland* v. *Felton*, 1 Allen, 531; by the Supreme Court of Ohio in *McGaughey* v. *Jacoby*, 54 Ohio St. 487; by the Supreme Court of New Hampshire in *Judge of Probate* v. *Sulloway*, 68 N. H. 511, and by the Supreme Court of Alabama in the case of *Wright* v. *Lang*, 66 Ala. 389. It will thus be seen that the rule contended for is not without support. The reason upon which these decisions rest is that the administrator cannot sue himself, and that therefore when he is appointed his debt to the estate is by a fiction of law regarded as collected and

paid to himself, as administrator. The rule laid down in the foregoing cases, which is known as the Massachusetts rule, has been modified by later cases in other States so as to permit the administrator to show that he was insolvent at the time of his appointment and so remained during the term of his office, and thus relieve himself from the consequences of failing to pay over money which he never, in fact, had and was wholly unable to obtain. The rule in its modified form is applied in the following cases: *In re Walker,* 125 Cal. 242; *Baucus* v. *Stover,* 89 N. Y. 1; *Baucus* v. *Barr,* 107 id. 624, affirming 45 Hun, 582; *McCarty* v. *Frazer,* 62 Mo. 263; *Parker* v. *Irick,* 10 N. J. Eq. 269; *Rader* v. *Yeargin,* 85 Tenn. 486; *McClamrock* v. *Gregory,* 119 Ind 503.

In the case last above cited the Supreme Court of Indiana uses the following language: "One question which seems to have been overlooked on the trial of the cause was the financial condition of Levin T. Miller, the administrator, during the period of his administration. The money collected by him while professing to act as the agent of the administrator in Missouri, and for which he had not accounted when he became administrator, was a claim in favor of his trust, which he should have inventoried and charged himself with, and if by the use of due diligence all or any part of the claim could have been saved to the estate his sureties are therewith chargeable, but if he was hopelessly insolvent they do not become liable therefor, the burden as to the question of insolvency being on the administrator and his sureties." Further on in the opinion the court says: "The debt of the administrator is to be accounted for as other debts or assets, and he may show his insolvency during the period of administration in discharge of his official liability."

So far as we are advised this question has never been passed on by this court. It seems to us that the rule laid down in Massachusetts is liable to work a great hardship

upon administrators and the sureties upon their bonds.   To
compel sureties on administrators' bonds to augment the
estate of the deceased by requiring them to pay a debt
which an insolvent administrator happens to owe the estate
is imposing upon them a burden not contemplated and in
many cases a great hardship.   Leaving out of view the
rights of the sureties, it would seem equally shocking to
our sense of justice to proceed against an administrator
personally for a failure to pay over money which he, in
fact, did not have and which he had no means of procur-
ing.   Where, however, the administrator is solvent, no such
hardship can be imposed upon either the sureties or the ad-
ministrator.   The rule thus applied will accomplish the de-
sired end in most cases and avoid the harsh consequences
that would occasionally result from the application of the
unrestricted Massachusetts rule.

Appellants, however, contend that, even under this view
of the law, the decree of the county court is erroneous, be-
cause it is said that the administrators were not solvent at
the time of their appointment and have not been at any
time since.   This contention presents a question of fact.   As
already shown, the real estate devised to appellants under
the will of their father was worth $34,500 over and above
the encumbrances thereon.   These valuations are fixed by
a stipulation of the parties.   After deducting all of the in-
debtedness chargeable against this real estate there is an
excess sufficient to show that appellants were solvent at
the time of their appointment as executors.   If they were
solvent at that time,—that is, if they had property sufficient
to pay all of their personal liabilities, including the $10,000
which they owed their father's estate,—they were properly
chargeable with their debt to the estate and it should have
been regarded as collected.   It can make no difference, with
the transmutation which the law effects in the legal status
of this debt, that afterwards, through some cause, appel-
lants became insolvent and finally unable to account for the

debt due the estate. The status of the debt having been fixed by their appointment as executors and their solvency at that time, cannot be changed by subsequent insolvency of the administrators. It was not only the duty of appellants to charge themselves with the $10,000 which they owed the estate and inventory it as cash on hand, but in the eye of the law this was done. The debt was paid to the estate. In this view there was no deficiency of personal assets, and there was no error in dismissing appellants' petition.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*