## L. O. Eagleton, Administrator, Appellant, v. Katherine Barnett, Appellee.

### Gen. No. 6,510.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. THEO-DORE N. GREEN, Judge, presiding.   Heard in this court at the October term, 1917.   Affirmed.   Opinion filed April 9, 1918.

### Statement of the Case.

Citation proceedings by L. O. Eagleton, administrator with the will annexed of the estate of Louise De Long, deceased, plaintiff, against Katherine Barnett, defendant, for the discovery of assets under section 81 of the Administration Act (J. & A. ¶ 130). From a judgment of the Circuit Court awarding the property to defendant and requiring the retention by defendant of $500 for burial expenses, to be accounted for to the court, plaintiff appeals.

JOHN B. KING, CLAUDE U. STONE and ROSCOE HERGET, for appellant.

WEIL & BARTLEY, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. GIFTS, § 29*—*when gift inter vivos shown.* In citation proceedings by an administrator under section 81 of the Administration Act (J. & A. ¶ 130), to discover assets of the estate alleged to be in the hands of defendant, where it appeared that deceased soon after her husband's death determined to give defendant, who was not a relative but who had taken care of her after her husband's death, a considerable portion of her property other than by will; that afterwards she had part of her property converted into

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

securities that would pass by mere delivery so that she could accomplish her purpose; that she understood that there must be a delivery of the securities in her lifetime; that she declared a few months before her death that she had given them to defendant; and that they were in defendant's possession after the death of the deceased, evidence *held* sufficient to show delivery of such securities to defendant and possession by her thereof with sole control in the lifetime of deceased.

2.  WITNESSES, § 141*—*when person claiming gift from person since deceased is competent to testify.* One claiming a gift from a person since deceased is competent to testify, in citation proceedings, for the discovery of assets of the estate, as to matters occurring after the death of deceased.

3.  WITNESSES, § 253*—*who can best determine credibility of.* The credibility of witnesses can best be determined by those seeing and hearing them testify.

4.  WITNESSES, § 132*—*discretion of court as to permitting party cited to testify.* It lies entirely within the discretion of the court, in citation proceedings under section 81 of the Administration Act (J. & A. ¶ 130), to permit a party cited thereunder to testify at her own request.

5.  APPEAL AND ERROR, § 463*—*when objection as to incompetency of witness to testify is too late.* Where a stipulation is entered into between the parties to citation proceedings for discovery of assets of an estate that the transcript of evidence used in the Probate Court may be used in the Circuit Court, and that either party may object to the evidence, but no objection is made to the competency of a witness to testify nor to her testimony until after the entire testimony is in and a decision on the merits indicated by the Circuit Court judge, neither party can complain on appeal.

6.  GIFTS, § 29*—*when mental competency of donor shown.* Evidence *held* sufficient to show that deceased was mentally competent at the time she made a gift of certain securities to defendant, who had taken care of her.

7.  EVIDENCE, § 134*—*when proper foundation for copy of receipt is shown.* Evidence *held* sufficient to show that a receipt was lost without fault of defendant so as to furnish sufficient ground for introduction of a copy.

8.  WITNESSES, § 96*—*right of party to testify against interest.* An interested party may testify against his pecuniary interest in citation proceedings by an administrator for the discovery of assets.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.