(No. 13340.—Judgment affirmed.)

THE PEOPLE, for use of Clara M. Foster, Exrx. Defendant in Error, *vs.* THE CHICAGO BONDING AND SURETY COMPANY, Plaintiff in Error.

*Opinion filed October 23, 1920.*

JUDGMENTS AND DECREES—*when attempt to prove insolvency of conservator in suit on bond is collateral attack on order of probate court.* An order of the probate court directing a conservator to pay over to his ward's estate an amount found to be due and unpaid and which he owed his ward before his appointment is binding upon the conservator and his sureties if not appealed from, and in a suit against a surety the latter cannot show as a defense the insolvency of the conservator at the time of his appointment.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding.

SABATH, STAFFORD & SABATH, (CHARLES B. STAFFORD, and THOMAS M. ZASADIL, JR., of counsel,) for plaintiff in error.

CHURCH & SHEPARD, (HOWARD W. LEWIS, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Charles H. Graves was appointed, gave bond and qualified as conservator of Laura E. Williams, an insane person, November 17, 1915. She died testate January 17, 1916, and Clara M. Foster was appointed and qualified as executrix of her will. The Chicago Bonding and Surety Company signed the bond of Graves as conservator as surety. This suit was brought by Clara M. Foster, executrix, against the Chicago Bonding and Surety Company, the declaration alleging Graves had failed to account for and pay over to the executrix $1942.72, funds in his hands as conservator of Laura E. Williams. The cause was tried by the court without a jury and a judgment rendered in favor of plaintiff in debt for $5600, to be discharged on the payment of $42.50 damages and costs of suit. Plaintiff prosecuted an appeal to the Appellate Court for the First District, which court reversed the judgment of the circuit court, assessed the damages at $2193.65, (which included interest on the sum claimed to be due,) and rendered judgment for that amount of damages. Defendant petitioned this court for a writ of *certiorari,* which was allowed, and the case comes to this court on writ of error to review the judgment of the Appellate Court.

At the time Graves was appointed and qualified as conservator he was indebted to his ward, Laura E. Williams, in the sum of $1900.22. This indebtedness appears to have resulted from Graves collecting money belonging to her and retaining it prior to his appointment as conservator. He claimed to have spent all of it but $42.50, which was on deposit in a bank, and he offered to turn that amount over to the executrix. The defense of the surety was that the amount Graves owed his ward was an individual liability incurred before he became conservator and never was paid to or came into his hands after his appointment; that the obligation of the surety was only that it would be responsible

for a failure of Graves to account for and pay over money and property received by him in his official capacity as conservator. December 20, 1916, "pursuant to the order of court heretofore entered on the 9th day of December, 1915," Graves filed an amended inventory, in which he listed cash on hand $2015.22. The inventory was approved by the probate court. On the same day he filed his final account, charging himself with cash received $2015.22 and with cash disbursements $72.50, which was approved by the court. Under the caption "Recapitulation" in the final account are the statements, "Cash in bank ready to be turned over, $42.50;" "Balance due from Charles H. Graves individually, $1900.22." Graves made no settlement with the executrix, and on May 21, 1917, the probate court entered an order reciting that a rule had been entered by the court December 20, 1916, against Graves to show cause by January 10, 1917, why he had not paid the executrix $1942.72, shown by his final account to be due and unpaid, and that after the court had heard the testimony of witnesses examined in open court and arguments of counsel, it was ordered that Graves pay to the executrix, within thirty days, said sum of $1942.72. No appeal was prosecuted from that judgment or order and it remains unreversed. Graves was willing to pay the executrix $42.50 but failed and refused to pay the balance of the sum he was ordered to pay, and thereupon this suit was brought against the surety, plaintiff in error here.

Plaintiff in error denies it is liable as surety for Graves because, as stated, it is claimed the money never came into the hands of Graves in his official capacity as conservator but that it is an individual debt he owed Laura E. Williams before he became her conservator, and it never was received by him or came into his hands as such conservator. The further claim is made that Graves was insolvent at the time he was appointed conservator and has ever since remained insolvent and unable to pay the money. This was a dis-

puted question, upon which evidence heard by the court on the trial of this case was not entirely harmonious. However, in the view we take of the case that is not an important question and was incompetent under the state of this record. A number of courts in this country have held that where a debtor is appointed administrator of his creditor's estate the debt is considered paid and the administrator is chargeable with receiving the amount of it, regardless of his financial condition. Some other States have not adopted that rule in its entirety and have held it permissible for the administrator to show he was insolvent at the time of his appointment and so remained during his term of office, and thereby relieve himself from liability, as administrator, to pay over the debt he owed the estate. (*Wachsmuth* v. *Penn Mutual Life Ins. Co.* 241 Ill. 409.) But a different situation is here presented. No proof was offered in the probate court on the question of the insolvency of Graves. That court had jurisdiction of the subject matter and the parties at the time it rendered judgment, May 21, 1917. It was a valid, binding judgment until reversed by appeal or writ of error. The attempt to prove the insolvency of Graves on the trial of this case in the circuit court amounted to a collateral attack on the judgment of the probate court and was not competent. Until that judgment was reversed in a direct proceeding for that purpose it was a determination of the amount due from the conservator to the executrix, was binding on him and his sureties, and cannot be impeached except for fraud in a suit on the conservator's bond. *McDonald* v. *People*, 222 Ill. 325; *Frank* v. *People*, 147 id. 105; *Nevitt* v. *Woodburn*, 160 id. 203.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*