In the Matter of the Estate of Carmine Vercillo, Deceased, Petitioner-Appellee, v. Luigi Gagliardi, Respondent-Appellant.

Gen. No. 48,019.

First District, Third Division.

September 14, 1960.

Richard Altieri, of Chicago, for appellant.

Gregory A. Gelderman, Guardian ad Litem, of Chicago (Irving Breakstone, Ross P. Lombardo, and Dominic Rossi, of counsel) for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The question at issue in this appeal is whether $5,000.00, received by the executor, Luigi Gagliardi, from the deceased, Carmine Vercillo, was a loan or a gift.

A citation proceeding under section 183 of the Probate Act (sec. 335, ch. 3, Ill. Rev. Stat. 1959) was brought by a guardian ad litem against the executor. The petition stated it was believed Gagliardi was indebted to the estate. The court found that the $5,000.-00 was a loan and ordered the respondent-executor to deliver the money to the estate.

The respondent questions the jurisdiction of the Probate and Circuit Courts to try an issue such as this under citation proceedings. He argues that this statute cannot be used to collect an alleged debt and cites Johnson v. Nelson, 341 Ill. 119, 173 N. E. 77; Sullivan v. Arcola State Bank of Arcola, 314 Ill. 40, 145 N. E. 167; Williams v. Conley, 20 Ill. 643. These cases support his argument, but in each of them the debt sought to be recovered was owed by someone other than the executor. The petitioner argues, on the other hand, that if an executor or administrator is indebted to an estate, it is assumed the indebtedness is paid into the estate and it becomes part of the assets to be inventoried by the executor. He cites Wachsmuth v. Penn Mut. Life Ins. Co., 241 Ill. 409, 89 N. E. 787; People v. Chicago Bonding & Surety Co., 294 Ill. 362, 128 N. E. 478. These cases support his argument, but in each of them the debt was admitted by the executor.

■■ The statute contemplates a situation where an executor or administrator holds personal property or money claimed by him and by the estate. Section 187 of the Probate Act (sec. 339, ch. 3) provides that the executor can be named the respondent in citation proceedings and the court may then appoint a guardian ad litem to represent the estate. When the alleged debt of an executor or administrator is in dispute, citation proceedings may be used for its recovery. Day v. Bullen, 226 Ill. 72, 80 N. E. 739; Coffey v. Coffey, 179 Ill. 283, 53 N. E. 590; Martin v. Martin, 170 Ill.

18, 48 N. E. 694; In re Estate of Schultz, 209 Ill. App. 580; Platt v. Williams, 175 Ill. App. 1. The Probate and Circuit Courts had jurisdiction to try the issue raised by the citation.

Carmine Vercillo was 85 years old at the time of his death in 1958. In his will he not only appointed Gagliardi as his executor, but he made a specific bequest to him and named him as the residuary legatee. Bequests were also made to his third wife, to whom he had been married for about two years, to his two sons and to four grandchildren. No provision was made for his daughter but there was testimony that she had been given some property before his death. She is contesting the will.

Gagliardi, who had been the decedent's close friend for many years, had resided in a building owned by him. He had frequently slept in the decedent's apartment, had him in for meals, managed his building and kept it and several garages in repair, all without compensation. Starting in 1950, the rents from the building were deposited in a joint savings account in their names. It was from this account, in February 1957, a year before his death, that the deceased withdrew the $5,000.00, in the form of a cashier's check, payable to Gagliardi. The latter and his witnesses testified it was a gift, prompted by friendship, to assist him in purchasing a home of his own.

Gagliardi testified that Vercillo, on February 10, 1957, told him, while they were inspecting his new home, to see him the next day. He called on him as directed and was given the check, Vercillo saying, "Here, I want you to have this. This is for you. I want to help you towards the house." When testifying under section 60 of the Civil Practice Act, he went further and said that the donor had said, ". . . I want you to have this as a present. I want you to have

155

this as your own. This is for all the years that you have taken care of me."

Gladys Bradley, a friend of both men but a very close friend of Gagliardi's, was present at the respondent's new house on February 10, 1957, as were Vercillo's daughter, Angeline Greco, and her husband. She said the decedent requested Gagliardi to come to his home the next day as he was going to the bank and would have something for him.

Etel Nicholas, a former tenant of Vercillo, met "the boss," as Vercillo was known, on the street in the latter part of February 1957. She inquired about Gagliardi and was asked if she knew he had bought a house. She said she did not and then Vercillo told her, "I gave him a present." Vercillo went on to say that the present was $5,000.00, and he had given it in appreciation for all Gagliardi's kindnesses.

Betty Mary Zimbler, who knew both men for over 35 years, met Vercillo on February 22, 1957, while she was shopping. She said she remembered the date because it was the anniversary of her mother's death and she had gone to church that morning. In talking about Gagliardi, Vercillo said, "Didn't you know Louie bought a home?" He told her that he had given Gagliardi a present of $5,000.00, ". . . because . . . Louie was to me like a son. He did everything for me. He took care of my home, finance, everything, banking." She said she immediately thereafter inquired of Gagliardi's sister if it was true that "the boss had given him $5,000.00" and thereupon spread the news to her family, relatives and friends in the neighborhood. Other witnesses told of Vercillo's affection for the respondent.

The petitioner's witnesses were Vercillo's daughter and a son, and the lawyer who drafted his will. Mrs. Greco testified she spoke to Gagliardi at her father's

156

wake and he said, "I give it back to your father, that money" [sic]. The son said he had three conversations with the respondent. In one of these, the day of his father's death, he was told that the money had been paid back. In two telephone conversations, a few weeks later, Gagliardi told him the money was a gift.

The attorney talked to the decedent December 30, 1957, at the time his will was signed. Over the objection of the respondent he related that Vercillo said he had made a loan to Gagliardi of $5,000.00, a loan to buy a house. Under cross-examination he said the conversation about the loan had taken place two years earlier when a previous will was drafted. But this would have been several months prior to the issuance of the cashier's check.

■ Under citation proceedings all witnesses, whether called by the petitioner or the respondent, are the witnesses of the court and many rules of evidence are liberally applied, particularly the restrictions under section 2 of the Evidence Act (sec. 2, ch. 51, Ill. Rev. Stat. 1959). Keshner v. Keshner, 376 Ill. 354 (1941), 33 N.E.2d 877; People ex rel. Williams v. Wismuth, 2 Ill.App.2d 109 (1954), 118 N.E.2d 881; Storr v. Storr, 329 Ill. App. 537 (1946), 69 N.E.2d 916. All evidentiary rules are not relaxed, however, and it has been held that statements of a decedent, which are not against his interest, are inadmissible if made outside of the presence of the person affected by the statements. In re Estate of Baumgarth, 23 Ill.App.2d 319 (1960), 163 N.E.2d 201; In re Estate of Sneider, 12 Ill.App.2d 485 (1957), 139 N.E.2d 863. Under analogous circumstances, the court in the Baumgarth case stated:

". . . the testimony as to the unsworn self-serving declarations of the decedent, not subject to cross-examination and out of the presence of the re-

157

■■■■■■■■■■■■■■■■■■■■

spondent, would not have been competent as against respondent . . . even if decedent were alive. These statements are no more competent for that purpose because of his death, even though their admission may have been within the court's discretion. . . ."

■■■ If the testimony of the decedent's attorney is excluded from consideration, as under this rule of evidence it must be, there is very little left to sustain the petitioner's contention. There remains only the testimony about the remarks made by the respondent; the one to the decedent's son that he had paid the money back, and the other to the decedent's daughter: "I give it back to your father, that money." Against this there is the following evidence on behalf of the respondent: the decedent's statements to the respondent about the gift, a witness hearing the decedent invite the respondent to his home to receive something from the bank, two disinterested witnesses being told by the decedent that the $5,000.00 was a gift; the regard in which the decedent held the respondent as shown by his repeated declarations of affection, by his bequest to him, and by designating him as his residuary legatee; the confidence he had in him as shown by the joint bank account and by his appointing him his executor; and the further facts that there was no note given for the money, no apparent effort to collect it in a year's time, and no mention made of it in the will.

■■■ In citation proceedings the burden of proof is generally upon the petitioner, but the burden shifts to the respondent when his possession of the decedent's property is claimed as a gift. The proof establishing the gift must be clear and convincing, and this is especially so where a confidential relationship existed between the alleged donor and donee. In re

Estate of Schneider, 6 Ill.2d 180, 127 N.E.2d 445; Rothwell v. Taylor, 303 Ill. 226, 135 N. E. 419; In re Estate of Jarmuth, 329 Ill. App. 619, 70 N.E.2d 336; Estate of Williams v. Tuch, 313 Ill. App. 230, 39 N.E.2d 695. Applying these principles to the evidence herein, we believe the respondent met his burden of proof. Even if his own testimony is eliminated from consideration or is regarded as discredited, there would remain sufficient other testimony and factual circumstances to establish the gift.

The order will be reversed.

Reversed.

SCHWARTZ, P. J., and McCORMICK, J., concur.