In the Matter of the Estate of Albert H. Watson,
Deceased.

Gen. No. 68–99.

Fifth District.
February 5, 1970.
Rehearing denied March 9, 1970.

Harris, Holbrook & Lambert, of Marion, for appellant.

Thomas W. Haney, of Herrin, and Kenneth Powless, of Marion, for appellee.

EBERSPACHER, J.

This is an appeal from the trial court's decision which held in favor of petitioner-cross-respondent, John Anderson, Administrator of the Estate of Albert H. Watson, deceased (herein called "petitioner"), and against the respondent-cross-petitioner, Martha Ransaw (herein called "respondent").

Petitioner filed a petition for citation to discover assets. The assets relevant to this appeal are three sav-

ings account passbooks. One was account number 2643 in the Herrin Security Bank of Herrin, Illinois, showing a balance of $3,195.57; the second was account number 26588 in the National Bank of Detroit showing a balance of $1,457.26; and the third was account number SS 171 in the National Bank of Detroit showing a balance of $8,488.83.

In respondent's reply to the petition, she admitted possession of the passbooks and cross-petitioned the court for a determination that all right, title and interest in said passbooks rested in her, alleging an inter vivos gift of the passbooks was made to her by decedent, prior to his death.

After a hearing before the court without a jury it was ordered that the passbooks be turned over to the petitioner.

Facts in this case show the decedent moved from Detroit, Michigan, to Colp, Illinois, in July, 1966, and resided there until his death some 5 or 6 weeks later. During this time respondent and her then 11-year-old son, Allen, resided with the decedent, as they had in Detroit at some time prior to their moving to Illinois.

The respondent was called as a witness by her attorney and testified over objection to events surrounding her acquisition of the passbooks. In essence, she testified that on August 5, 1966, she, the decedent, and her son Allen were in her bedroom in the home in Colp when decedent stated he was going to give her something. He handed her the key to a cedar chest located in the bedroom. She was unable to open it and her son Allen assisted. When the chest was opened the decedent took the passbooks from it and said they were hers. She took the passbooks, looked at them and replaced them in the chest. She then locked the chest and placed the key in her wallet. She retained the key in her possession from that point on, and upon the death of decedent took

85

the passbooks to her attorney. Respondent's testimony was corroborated by that of Allen, who at the time of trial was 13.

In addition there was testimony of two neighbors of decedent, one of whom had known decedent for 50 years and had transacted business for him, as to conversations in which decedent had stated that it was his desire that his children receive nothing when he died.

The objection to respondent's testimony was taken under advisement by the court. The respondent subsequently moved the court to call respondent as its own witness under chapter 3, section 185, Ill Rev Stats, or in the alternative, to adopt respondent's testimony, previously given, as the testimony of a court witness. This motion was denied. Although it is not entirely clear from the record, the denial of respondent's motion indicates a failure to consider the testimony. Respondent cites this failure to consider as error under section 185 of the Probate Act (Ill Rev Stats 1961, c 3, § 185) and the case of In re Estate of Hill, 30 Ill App2d 243, 174 NE2d 233 (1961).

The pertinent provision of the Probate Act reads as follows:

> "At the hearing the Court may examine the respondent on oath whether or not the petitioner has proved the matters alleged in the petition, may hear the evidence offered by any party, may determine all questions of title, claims of adverse title, and the right of property, and may enter such orders and judgment as the case requires."

This section has been considered by the Illinois Courts in a number of decisions. The Appellate Court stated in Storr v. Storr, 329 Ill App 537, 69 NE2d 916 (1946), at page 918:

> "The legislature has provided therein a summary remedy for the recovery of property and the dis-

covery of information. Its primary purpose is to discover assets of estates, and the court is authorized therein to make such orders as the case may require. Horner, Probate Practice, Chap 42, § 1075, Martin v. Martin, 174 Ill 371, 51 NE 691, 66 Am Stat Rep 290; Keshner v. Keshner, 376 Ill 354, 33 NE2d 877. The proceeding is purely statutory, and is neither at law nor in equity. It bears the equitable aspects of a bill of discovery, while at the same time providing for an optional jury as at law, on demand of the parties where questions arise concerning claims of adverse title or interest, as in the instant case. With reference to the nature of this proceeding, the Supreme Court of Illinois stated in Keshner v. Keshner, 376 Ill 354, 359, 33 NE2d 877: 'We have thus an anomalous proceeding and the peculiar nature of this kind of suit has a distinct bearing on the decision of this case.' "

 The Hill case was a citation proceeding against decedent's widow for an unendorsed stock certificate in the possession of the widow. The court there relied upon the case of Wagner v. Wagner, 17 Ill App2d 307, 149 NE 2d 770 (1958), which held at pages 772–773: "Whether the respondent's testimony is necessary to a full and fair presentation of the facts in this case lies within the careful exercise of discretion by the trial court." The Hill court commented on the Wagner case in 174 NE2d at page 238 as follows:

"Obviously, the statement that the admission of respondent's testimony is discretionary with the Court, refers to whether such testimony 'is necessary to a full and fair presentation of the facts'; and it would seem to follow that where no evidence whatsoever is admitted on behalf of respondent, the discretion is certainly not carefully exercised."

87

In Williams v. Wismuth, 2 Ill App2d 109, at 115, 118 NE 2d 881, the Court concluded from its review of Keshner v. Keshner, 376 Ill 354, 33 NE2d 877, "that regardless of who called the respondent to testify that it is the court's witness, and the witnesses' testimony *should be considered* with the other evidence in the case."

■■ A full and fair presentation of the facts in this action, originated to recover property alleged to be that of the estate, required respondent's testimony and the court should have adopted respondent's testimony previously given as the testimony of a court witness and should have given it consideration with the other evidence in the case. We are of the opinion that the fact that respondent had another witness (her 13-year-old son) who could and did testify to the gift, does not distinguish this case from In re Estate of Hill, supra. Here while the evidence of Allen was presented on behalf of respondent, the trial court did not consider it as being so clear and convincing as to establish the gift, and a respondent should not be handicapped by the fact that some one other than the alleged donor and donee were present at the time the gift was made. For this and numerous other reasons, we do not make the distinction between this case and In re Estate of Hill, supra, that was made by the Hill Court in the case of In re Estate of La Rue, 53 Ill App2d 467, 473–474, 203 NE2d 47.

■■ Here the material evidence concerning the alleged gift is uncontradicted by either direct evidence, inferences that could reasonably be drawn therefrom, or the circumstances surrounding the relationship between the decedent and the alleged donee.

That the decedent and respondent had resided in the same house in Detroit at some time prior to moving their possessions to Illinois to establish a home together in this state, and that they did establish a home together here is borne out by the record. It is only whether they intended to get married after establishing them-

selves in Illinois, a matter immaterial to the issue, that is controverted. Likewise, the testimony of two uninterested neighbors and old acquaintances to the effect that decedent had expressed the opinion that his children were only interested in him to get his property, and that he did not want them to get his money is uncontradicted, and borne out by uncontradicted circumstances. That decedent was motivated by the lack of attention from his children to give his property to respondent rather than to keep it for his children is likewise shown by the record; one of his sons testified that decedent lived alone in Detroit, while the other on his first cross-examination testified they had not lived together in Detroit, but on a subsequent cross-examination admitted that decedent and respondent lived together in Detroit for approximately 2 years "around 1963 or 1964" but "I really didn't pay any attention." According to his own testimony, that son's only interest in decedent's moving with respondent to Illinois, was in whether decedent was going to marry respondent, which supports decedent's expressed sentiment that his children were only interested in him to get his property. That on the same day that the alleged delivery of the passbooks was made, the decedent gave respondent $400 in cash, which he had withdrawn that day, is likewise uncontroverted. Furthermore, there is no evidence of any act of respondent subsequent to the alleged making of the gift that is inconsistent with respondent's ownership of the savings accounts.

 Allen's testimony concerning their delivery and acceptance is positive and uncontradicted. Furthermore, the gift imposed no burden upon the donee, and was beneficial to her, and acceptance is presumed as a matter of law. Chicago Sav. Bank & Trust Co. v. Cohn, 197 Ill App 326, 329. Evidence of delivery of a savings account coupled with oral expression of intention to make the gift is sufficient to constitute a valid gift inter vivos

and to pass title to the funds. In re Estate of Antkowski, 286 Ill App 184, 3 NE2d 132. Decedent's donative intent is shown by his own words, and is not contradicted. Where disclosure to inquiring hostile parties would only create a greater hostility, it is only natural that respondent would fail to disclose the gifts, except through her attorney. Respondent's failure to disclose was only natural under the circumstances here present, and was consistent with her ownership of the accounts. The testimony of Allen, an unimpeached witness, not contradicted by positive testimony or circumstances and not inherently false or improbable may not be disregarded, Urban v. Industrial Commission, 34 Ill2d 159, 163, 214 NE2d 737, 739; Dill v. Widman, 413 Ill 448, 454, 109 NE 2d 765, 768, even if the trial court saw fit to give little credence to the self-serving testimony of respondent, who was not impeached and whose testimony was neither contradicted nor inherently false or improbable in view of all the evidence presented. We are not here presented with a situation that called for the weighing of conflicting and inconsistent testimony. When all the testimony is considered, the evidence of a gift is clear and convincing.

As a result, the judgment of the trial court is reversed, and this cause is remanded for dismissal of the petition for citation and entry of a judgment on respondent's cross-petition.

Reversed and remanded.

MORAN and GOLDENHERSH, JJ., concur.