*In re* ESTATE OF MARY CATHERINE SHANAHAN, Deceased.—(GERALD SHANAHAN, Petitioner-Appellant, *v.* MARY T. BOWEN, Respondent-Appellee.)

Third District   No. 77-143

Opinion filed April 19, 1978.—Rehearing denied May 23, 1978.

John B. Murnighan and L. Judson Todhunter, both of Green & Murnighan Associates, of Chicago, for appellant.

Lyman C. Tieman and William C. Washburn, Jr., both of Singer, Snyder, Tieman, Aeschliman & Jaquays, Ltd., of Joliet, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Gerald Shanahan, executor of the estate of his mother, Mary Catherine Shanahan, brought a citation proceeding against Mary T. Bowen, granddaughter of the decedent, to recover $12,570 which the estate claimed she owed decedent. The Circuit Court of Will County denied the citation, finding the executor failed to prove by a preponderance of the evidence any indebtedness owing from respondent to the decedent. On appeal the estate challenges the competency of respondent's witnesses and the standard of proof used to determine the sufficiency of the evidence.

Mary Catherine Shanahan died March 24, 1975, leaving as her only heirs at law a daughter and two sons. Decedent had executed a will on May 28, 1974, in which she left her estate 25% to each of her three children and 25% to be divided among three great-grandchildren. No provision was made in the will for decedent's granddaughter, Mary Bowen, the respondent herein. Decedent's will was admitted to probate and her son Gerald appointed executor. Included in the executor's inventory was an account receivable from Mary Bowen in the amount of $12,570. A citation was served, and on January 9, 1976, Mrs. Bowen appeared without counsel before Judge Emil Di Lorenzo. After Mrs. Bowen was examined as an adverse witness, the trial judge advised her to seek legal assistance and continued the cause. A second hearing commenced on March 12, 1976, with Judge Di Lorenzo presiding. The judge stated that this would be a new hearing from the beginning and then removed himself from the case, being replaced by Judge Michael Orenic who presided throughout the remainder of the hearing.

The executor presented two witnesses. Mrs. Bowen was again called as an adverse witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60), and testified that she received a $15,000 loan from decedent in 1973. She and her husband were buying a house in Lockport, and the money received from decedent was used as partial consideration for that purchase. She further stated that she made irregular payments to the decedent until June 1974. The executor presented two

exhibits, one a letter to Mrs. Bowen from the estate's attorney asking her to verify the $12,570 debt to decedent and asking about a receipt she had signed for $3,000, and the other, her responding letter in which she stated that her grandmother had given her $3,000 for an escrow payment, and, "The only note I signed was for $15,000, this is what she wanted me to pay back." Edmund I. O'Connor, the attorney who drafted decedent's will, was the estate's second witness, and he testified that decedent told him in the spring of 1974, that she loaned her granddaughter $15,000 which was to be repaid in monthly installments, and that the payments were not being made promptly.

Mrs. Bowen called two witnesses: her mother Marian Noonan, and her 16-year-old son, Vincent Bowen. The executor objected to the competency of both witnesses under section 2 of the Evidence Act (Ill. Rev. Stat. 1975, ch. 51, par. 2) because both were legatees under the will. The objections were overruled, and Marian Noonan testified she visited her mother in the hospital in May or June, 1974, and her mother told her that Mrs. Bowen had never signed any paper for the money, but said "It was all right because she didn't really want her to pay anything." The witness stated that decedent reaffirmed this position regarding the money on numerous occasions after leaving the hospital. Vincent Bowen testified that two days before decedent's final hospitalization in March 1975, she told him if anything happened to her, "My ma wouldn't have to pay any more money."

Mrs. Bowen testified on her own behalf, and objection was made that her testimony was exceeding the scope of adverse examination and going into matters to which she was incompetent to testify under section 2 (Ill. Rev. Stat. 1975, ch. 51, par. 2). The objection was overruled, and Mrs. Bowen testified that her grandmother had lived with her and been cared for by her for almost 35 years. She admitted receiving $15,000 from decedent and making some monthly repayments, but claimed decedent had told her in June, 1974, that she no longer needed money and did not expect to receive any more. Mrs. Bowen denied ever signing a note of indebtedness to decedent and explained her reference to such a note in her letter to the estate's attorney by saying she was referring to the papers signed at the closing on the house. Also admitted into evidence was a letter from the attorney for the estate stating that no note evincing respondent's alleged indebtedness was in his possession. The trial court ruled that the executor failed to prove by a preponderance of the evidence that a debt was owing to the estate by Mrs. Bowen and dismissed the citation.

It should be initially noted that our decision in this case is based solely upon evidence introduced before Judge Orenic at the March 12 hearing. The executor urges us to consider Mrs. Bowen's somewhat inconsistent

testimony at the first proceeding as well, but we shall not because the executor did not object to Judge Di Lorenzo's decision to disregard the first hearing and also because it is clear that Judge Orenic did not consider testimony adduced at the earlier hearing in making his judgment in the case.

■■ The executor's first contention is that Mrs. Bowen's witnesses, Marian Noonan and Vincent Bowen, were directly interested in this proceeding and thus were incompetent to testify. Section 2 of the Evidence Act provides:

> "In the trial of any civil action in which any party sues or defends as the representative of a deceased or incompetent person, no adverse party or person directly interested in the action shall be allowed to testify on his own behalf to any conversation with the deceased or incompetent person or to any event which took place in the presence of the deceased or incompetent person, * * *."

(Ill. Rev. Stat. 1975, ch. 51, par. 2.)

Although both witnesses, being legatees under the will, did have a direct pecuniary interest in the outcome of this action, their testimony was in fact adverse to their interests. Under the will, Marian Noonan was to receive 25% of the total estate and Vincent Bowen was to receive one-third of 25% of the total estate. If the $12,570 allegedly owing from Mrs. Bowen to decedent was included as an asset of the estate, the amount of each share would increase proportionately. The witnesses, however, testified in support of Mrs. Bowen's position that the debt should not be included in the estate. Their testimony being adverse to their own pecuniary interests, the witnesses were competent to testify as to conversations they had with decedent. *Neish v. Gannon* (1902), 198 Ill. 219, 64 N.E. 1000; *Eagleton v. Barnett* (2d Dist. 1918), 210 Ill. App. 452.

■■ The executor argues that the witnesses' testimony was not really adverse to their interest if the witnesses' interest in assisting their "family unit" is considered. In essence, petitioner suggests that Marian Noonan's primary interest was in aiding her daughter, and that Vincent Bowen's primary interest was in aiding his mother. While we agree that these "family interests" may have some effect on the witnesses' testimony, we do not believe they are so certain, direct and immediate as to render the witnesses incompetent. The witnesses' interest in aiding their close relative goes to the question of the witnesses' credibility, but not to their competency. (*In re Estate of Clausen* (3d Dist. 1977), 51 Ill. App. 3d 18, 366 N.E.2d 162.) It is only a direct personal interest in the litigation which will disqualify a witness from testifying under section 2 of the Evidence Act.

Also challenged under section 2 is the competency of Mrs. Bowen herself to testify to conversations she had with decedent in June 1974. She

had an obvious interest in the action and her testimony regarding conversations she had with decedent was supportive of her position in the case. The fact she had been called as an adverse witness by the opposing party would not, by itself, render her competent to testify in her own behalf as to matters about which she was not interrogated by the adverse party. (*Premack v. Chicago Transit Authority* (1st Dist. 1971), 2 Ill. App. 3d 127, 276 N.E.2d 77.) Nevertheless, we do not believe it was error for the trial court to allow her to explain the loan transaction more fully.

■■■ The purpose of a citation proceeding is to provide an expeditious process for the discovery of estate assets. (*Storr v. Storr* (2d Dist. 1946), 329 Ill. App. 537, 67 N.E.2d 916.) Because of the summary nature of the proceeding and its expeditious purpose, the trial judge has been granted broad statutory powers to "hear evidence offered by any party" and to "enter such orders and judgment as the case requires." (Ill. Rev. Stat. 1975, ch. 3, par. 16—1(d).) In a citation proceeding all witnesses are witnesses of the court, and many rules of evidence are to be liberally applied, particularly the restrictions under section 2 of the Evidence Act. (*In re Estate of Vercillo* (1st Dist. 1960), 27 Ill. App. 2d 151, 169 N.E.2d 364.) It is within the trial court's discretion to determine whether respondent's testimony is necessary to a full and fair presentation of the facts of the case. (*In re Estate of Watson* (5th Dist. 1970), 120 Ill. App. 2d 83, 256 N.E.2d 113.) Given the nature of the proceeding and the liberal application of restrictive evidentiary rules, we do not believe the trial court abused its discretion in allowing respondent to testify to the conversations she had with decedent in June 1974. Respondent conceded under adverse examination that she received money from the deceased and made repayments of that money. Her own testimony helped establish the case against her, and the trial court could have well concluded that her own direct testimony was necessary for a full and fair presentation of the facts of the case. We see no reason to disturb that decision.

The executor next asserts that the trial court employed an incorrect standard of proof to assess the sufficiency of the evidence presented. The trial court's order dismissing the citation indicates the burden of proof was placed on the executor to prove by a preponderance of the evidence that a debt was owing from respondent to decedent. The executor, on the contrary, argues that once he established a *prima facie* case of debt, the burden of proof should have shifted to Mrs. Bowen to prove by clear and convincing evidence that the money she received from decedent was a gift.

In citation proceedings the burden of proof is generally on the representative of the estate; however the burden shifts to the respondent when the executor makes out a *prima facie* case and respondent's possession of the decedent's property is claimed as a gift. (*In re Estate of*

*Vercillo* (1st Dist. 1960), 27 Ill. App. 2d 151, 169 N.E.2d 364.) In such cases the burden is on the donee to prove all essential elements of the gift by clear, convincing and unequivocal evidence. *In re Estate of Skinner* (3d Dist. 1969), 111 Ill. App. 2d 267, 250 N.E.2d 295.

■■ In the case at bar Mrs. Bowen admitted receiving $15,000 as a loan from her grandmother and making some payments on the debt. This evidence was sufficient to establish the executor's *prima facie* case of debt owing to the estate. However, in defense Mrs. Bowen asserts that in May or June of 1974, decedent decided to cancel the debt and at that time made a gift to her of the balance of the loan. Mrs. Bowen thus had the burden of establishing that gift by clear and convincing evidence and the trial court erred when it placed the burden on the executor to prove a debt. However, after carefully reviewing the record, we believe the judgment of the trial court was correct in any event.

Mrs. Bowen's testimony as to the gift in June was not directly contradicted by any of the testimony concerning decedent's earlier statements about a loan and was corroborated by the testimony of Marian Noonan and Vincent Bowen. Hence, we conclude that Mrs. Bowen met her burden and did in fact establish a gift by clear and convincing evidence. Furthermore, we believe this conclusion is consistent with the close relationship between decedent and Mrs. Bowen, and with the fact that decedent did not mention Mrs. Bowen in her will.

Accordingly, we find that the evidence was sufficient to support the judgment, and we affirm the Circuit Court of Will County.

Affirmed.

ALLOY and SCOTT, JJ., concur.