In the Matter of the Estate of Bessie Bickford, Deceased, Petitioner-Appellee, v. Vern L. Bickford, Jr., Respondent-Appellant.

Gen. No. 66–6.

Third District.

August 5, 1966.

Stewart R. Winstein, of Rock Island, for appellant.

Long, Gende & Schrager, of East Moline, for appellee.

STOUDER, J.

Petitioner Appellee, Bessie A. Winger, Administratrix of the estate of Bessie Bickford, commenced this action as a part of the probate proceedings pending in the Circuit Court of Rock Island County, by filing her petition for citation against Vern L. Bickford, Jr., Respondent Appellant, to recover assets belonging to the estate of the deceased. This is an appeal from an order of the court finding that $2,507, a tractor and a space heater belonged to the decedent at the date of her decease and ordering Respondent to turn over the property to the Petitioner, Administratrix.

Bessie Bickford died intestate on August 14, 1964, a resident of Rock Island County, Illinois. Letters of Administration were duly issued by the Circuit Court of Rock Island County to Bessie A. Winger, a daughter, Petitioner herein. Decedent left as her heirs at law, several children including Petitioner and Respondent. Citation proceedings were instituted by Petitioner to recover a tractor, space heater and $2,507 in possession of Respondent, alleged to belong to decedent and hence considered part of the estate.

The evidence presented consisted primarily of the testimony of Petitioner, Respondent, other children of decedent and the former wife of Respondent. The evidence is undisputed that the decedent, Bessie Bickford, owned the house in which she lived and that Respondent had lived with her for most of his life, including the period

191

of his marriage. The decedent operated a restaurant for twelve years prior to her death. Decedent had been in ill health for approximately three years being hospitalized for three months prior to her death. After her death $2,507 was discovered in the pocket of her dress located in a storeroom of her house. Decedent also kept her receipts and other business papers in the same storeroom in which the dress was kept. Respondent took possession of and counted the money in the presence of the other children after the decease of Bessie Bickford, the testimony being conflicting as to statements allegedly made by Respondent at the time. Although denied by Respondent, other witnesses testified that he stated the money was his mother's. The evidence was also conflicting concerning the possible sources of the money. Respondent in his testimony claimed that he had received gifts from his father and grandfather some years earlier and that he had delivered the money to his mother for safekeeping. Respondent also testified that he had helped his mother in the restaurant and that the restaurant had been unprofitable for some time prior to his mother's death. Other testimony indicated that Respondent had not been employed regularly for more than eight years and that he had no money which he could have given his mother. It also appears from the testimony that three days before her death the decedent had made a statement in the hospital in the presence of her children to the effect that the money in the dress was Respondent's. So far as the tractor and space heater are concerned Respondent claimed that his mother had given them to him approximately four years prior to her death.

Respondent, in seeking a reversal of the order of the trial court, argues that the order is against the manifest weight of the evidence. The primary area of controversy appears to be whether Petitioner or Respondent has the burden of proof. Respondent argues that the burden of proof in a citation proceeding is on

Petitioner. Petitioner does not dispute this but contends that where Respondent does not obtain possession of property until after the death of decedent, he has the burden of showing ownership in himself. We believe there is merit in both arguments but that such arguments are not inconsistent, finding support as they do in the same Illinois authorities. The burden of persuasion remains with Petitioner but when Petitioner has presented a prima facie case of ownership by the decedent the burden of establishing ownership in himself shifts to Respondent. Vercillo's Estate v. Gagliardi, 27 Ill App2d 151, 169 NE2d 364. To the same effect are, In re Hill's Estate, 42 Ill App2d 396, 192 NE2d 429, and Storr v. Storr, 329 Ill App 537, 69 NE2d 916, where the decedent had transferred possession of the disputed asset prior to his death and ownership of such asset was claimed by donee as an inter vivos gift. In the aforementioned cases the court concluded that the prima facie case of ownership had been presented by Petitioner thereby requiring Respondent donee to establish the inter vivos gift to him by clear and convincing evidence.

 ██ It is in the application of these rules and in their differing views of the evidence that the parties disagree. Respondent contends that possession of the money involved was not obtained after the death of his mother but was always with Respondent. Therefore Petitioner has failed to sustain her initial burden of proving ownership of the money by decedent. We cannot agree with Respondent's analysis of the facts as shown by the evidence. The evidence shows clearly that the money involved was in the pocket of a dress owned by decedent and in her control until the time of her removal to the hospital. There is no evidence showing any change in control at that time or from that time to the date of death. In our opinion, this establishes the element of possession in decedent at the time of death rather than in Respondent and when considered with the other evi-

dence amply presents a prima facie case of ownership of such money by decedent. This being the case, the burden was on Respondent to show by what right he claimed ownership. The facts which Respondent claims support his ownership of the money are disputed in practically every material respect. Even the statement of decedent shortly before her death that the money belonged to Respondent can be interpreted as a desire of the decedent that Respondent have such money after her death particularly when viewed in relation to other testimony suggesting that Respondent expected special treatment in the disposition of the decedent's estate. The trial court's determination of facts adverse to the claim of Respondent finds ample support in the conflicting evidence and such determination will not be disturbed on review.

■ As to the other items of personal property claimed to be gifts to Respondent by decedent, again, we have only Respondent's assertion that they were gifts. The evidence discloses no change of possession or control, no delivery either actual or constructive nor any other altered circumstance from which a change of ownership can be inferred.

The authorities relied upon by Respondent all involve factual situations where actual possession of the property involved was clearly in Respondent at the time of death and have no application to the point at issue in the instant case. We are here dealing with the question of possession. Since we find possession to have been in decedent we must further find that Respondent did not meet his burden of proving ownership in himself and the decision of the lower court must be affirmed.

Judgment affirmed.

CORYN, P. J. and ALLOY, J., concur.