504 P.2d 995

FIRST SECURITY BANK OF UTAH, N. A., as administrator of the Estates of George Hatton Buckley and Pearl Murdock Buckley, Plaintiff and Respondent,

v.

Lucille Buckley HALL and Harold E. Hall, Defendants and Appellants.

No. 12837.

Supreme Court of Utah.

Dec. 28, 1972.

---

4. Ostertag v. LaMont, 9 Utah 2d 130, 339 P.2d 1022 (1959).

J. Rulon Morgan, Frank J. Allen, Clyde, Mecham & Pratt, Salt Lake City, for defendants-appellants.

Glen J. Ellis, Maxfield, Gammon, Ellis & McGuire, Provo, for plaintiff-respondent.

TUCKETT, Justice:

The plaintiff as administrator initiated these proceedings in the court below seeking to recover from the defendant Lucille Buckley Hall certain stock certificates or the proceeds from the sale thereof which it claims to be assets of one or other of the estates being administered upon. The defendant Lucille Buckley Hall claimed ownership of the shares by an inter vivos gift from her mother Pearl Murdock Buckley. During his lifetime George Hatton Buckley owned certain stock certificates representing approximately 5500 shares of stock in the Mercur Dome Gold Mining Company. The defendant Lucille Buckley Hall claims that prior to his death her father George Hatton Buckley made a gift of the stock certificates to her mother Pearl Murdock Buckley who thereafter kept the certificates in a black box which also contained other papers and records. The decedent George Hatton Buckley did not sign the assignment and transfer contained on the reverse side of each stock certificate and the certificates remained in the name of George Hatton Buckley on the records of the corporation during the lifetimes of George Hatton Buckley and his wife Pearl Murdock Buckley. During the year 1969 the market value of the stock in question increased sharply and the defendant

who had possession of the certificates effected a transfer of the shares on the books of the corporation by supplying a bond and thereafter sold the shares.

The parties proceeded to trial in the court below on the issue of whether or not the defendant had acquired ownership of the shares of stock by reason of a gift from the defendant's father to the defendant's mother and in turn a gift from the defendant's mother to the defendant. On conflicting testimony the trial court found that the defendant had failed to prove a gift by clear and convincing evidence from her father to her mother. The court concluded that the plaintiff was entitled to judgment in an amount equal to the net proceeds on the sale of the stock by the defendant and also that the plaintiff was entitled to possession of a stock certificate not included in the sale.

■■ On appeal the defendant contends that the trial court erred in imposing upon the defendant the burden of proving her ownership of the shares of stock in question by way of a gift by clear and convincing evidence. It would appear to us that the defendant having acquired possession of the stock certificates which were carried on the books of the corporation in the name of the decedent George H.

Buckley, and George H. Buckley not having executed the stock transfer endorsements which were a part of each certificate, the defendant did in fact have the burden of establishing her ownership by gift by clear and convincing proof.[1] As this court has stated in numerous prior decisions we will not disturb the finding of the trial court unless that court has misapplied proven facts or made findings clearly against the weight of the evidence.[2]

■ As a second claim of error on the part of the trial court, the defendant claims that after the death of George Hatton Buckley a de facto distribution of his estate was made by his widow and children at which time various items of personal property belonging to the decedent were given to the widow and children. Defendant claims that the mother Pearl Murdock Buckley accepted the certificates of shares as a part of her share of the estate. The court below found that the evidence was insufficient to show that Pearl Murdock Buckley received the shares of stock as a part of that de facto distribution.

It is quite clear that the money and shares of stock when in the hands of administrator should be distributed as assets of the estate of George Hatton Buckley.

1. Jones v. Cook, 118 Utah 562, 223 P.2d 423; Raleigh v. Wells, 29 Utah 217, 81 P. 908; Christensen v. Ogden State Bank, 75 Utah 478, 286 P. 638; Greener v. Greener, 116 Utah 571, 212 P.2d 194.

2. Stanley v. Stanley, 97 Utah 520, 94 P. 2d 465.

The judgment of the court below is affirmed. Plaintiff is entitled to costs.

CALLISTER, C. J., and HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting):

I dissent.

The evidence without contradiction shows that George Buckley gave the stock to his wife, Pearl Murdock Buckley, in 1945. Apparently the trial judge elected not to believe the disinterested witnesses but instead based his opinion on what he must have conceived to be a rule of law. In his memorandum decision he stated:

> . . . [T]he Court finds and concludes that defendant has failed to prove by clear and convincing evidence that the decedent, George Hatton Buckley, made a gift to Pearl Murdock Buckley of the stock certificates *in that he failed to endorse the stock certificates in November of 1945 when he purportedly declared he was giving same to Pearl Murdock Buckley, and his failure to divest himself of the physical control of the certificates at the time the purported declarations of gift were made.* [Emphasis added.]

In the case of Taylor v. Daynes, 118 Utah 61, 218 P.2d 1069 (1950), this court held that a sale of stock was made on July 21, 1947, although the stock certificate was not signed until February, 1948. In deciding the matter, this court quoted from the case of Jones v. Commercial Investment Trust, 64 Utah 151, 228 P. 896, as follows: "If they intend the title to be transferred when the contract is made, it is a contract of sale; otherwise it is a contract to sell."

If George Buckley handed the stock to his wife, as the witnesses said he did, and at the time intended to give it to her, the gift was completed to the extent that she would have the equitable title to it, which would be good against all the world, and this is true even though the stock was not endorsed and was thereafter kept in a box to which George had access.

George Buckley was injured, and from 1931 to his death he was a semi-invalid and unable to work. His wife, Pearl Murdock Buckley, worked as a janitress to support the family. They were poor, and when George died in 1950, the only assets he left were a small bank account, a ring, an old car, a few war bonds, and plaintiff claims the stock in question which he had acquired while working the mine. The stock at that time was worthless as an asset.

Gerald Buckley testified for the plaintiff regarding the property which his father, George Buckley, had left:

Q There was a division among the family of your father's estate without probate proceedings?

A I didn't know of any division of my dad's property.

Q Well, who got the property, then?

A Well, just mother had it.

In his deposition which was read Gerald Buckley also testified:

Q But you made no claim to the stock?

A It was mom's stock.

Appellant testified with reference to the assets of George Buckley as follows:

Q What was done with respect to the war bonds and the old car? What was done with the old car and the bonds?

A My brother Bert sold the car. And the war bonds and that was my mother's.

Q Was there any other property in the estate, that you know of?

A Just my dad's ring.

Q Who got the ring?

A Gerald.

The testimony was uncontradicted that Pearl Murdock Buckley gave the worthless stock to appellant sometime during 1960.

Although the stock in question was worthless, George Buckley always claimed that someday it might become valuable and it should be saved. His son Gerald had some of the same stock, and the father told him to hold onto it and pay the assessments, as it might become valuable. George's belief seemed prophetic, and in 1969 the stock in question was sold for $25,000.

For 19 years after his death neither of the sons of George Buckley made any claim to the stock in question. In fact, in 1968 Gerald Buckley told appellant to sell it and even signed a bond so she could have the stock transferred to her own name in order to sell it without probating the estate of their parents.

The plaintiff in its complaint shows that this matter is an attempt to get appellant to divide what she received from the sale of the stock with the other two heirs and is not a bona fide probate of the estate. Paragraph 8 of the complaint reads:

That demand has been made upon the Defendant Lucille Buckley Hall by the other heirs and by the Administrator appointed herein and that she has failed, neglected or refused to deliver to the other heirs their respective shares of the Estates.

It does not appear that any effort has been made by the administrator to collect from the other heirs the property which they received after the death of their father or mother.

There is another matter not urged by appellant which should require a reversal of the judgment in this case. It involves the jurisdiction of the court to appoint the plaintiff as administrator of the two estates jointly, and we should notice matters of jurisdiction whenever we are aware of them whether urged or not. If we ignore the matter now, we would simply make for other lawsuits, for if the admin-

istrator is not lawfully appointed, its acts are void and subject to collateral attack.

The complaint states that plaintiff is the administrator of the estates of George Hatton Buckley and Pearl Murdock Buckley; that there are three heirs; that the stock in question constitutes a part of the estate of George Hatton Buckley; and that the heirs are entitled to one-third equal share.

The probating of estates of deceased persons is purely statutory, and unless done according to the statute, the attempt to probate is a nullity. Section 75-4-6, U.C.A.1953, provides for letters of administration upon several estates jointly under two conditions:

(1) Where the estate of one deceased person has descended from another deceased person whose estate has never been probated, or

(2) Where two or more deceased persons held property as tenants in common, etc.

Obviously these two estates cannot be jointly probated under (2) above, for it is not claimed that Mr. and Mrs. Buckley held anything as tenants in common. The question arises: Did all of the estate of Mrs. Buckley descend from Mr. Buckley?

In its complaint plaintiff says the shares of stock constituted "a major portion of the estates of George Hatton Buckley and possibly that of Pearl Murdock Buckley."

It thus appears that each estate had other assets.

In order for the two estates to be probated jointly under the provision of the statute, it is necessary that all of the estate of Mrs. Buckley be received from the estate of her deceased husband.[1] If in fact the stock never left George's estate, as the trial court held, then a probate of George's estate would give one-third to Pearl Murdock Buckley and two-ninths to each of the three children.[2] If then Pearl gave the stock to appellant, as the undisputed evidence shows, then appellant would get five-ninths of the stock and her two brothers only two-ninths each. The trial judge made no finding as to whether Pearl gave to appellant the one-third interest which descended to her, holding it had no legal consequences. If Mrs. Buckley gave to appellant all of her interest in the stock, there would be nothing to probate in her estate, which plaintiff claims descended to her from the estate of her husband.

It is, therefore, necessary to determine whether Pearl gave her one-third interest to appellant, and the court erred in holding that whether or not the gift was made was of no legal consequence.

Since the complaint shows that the estates could not be probated jointly, the plaintiff has no standing to maintain this action.

1. In re Martin Estates, 109 Utah 131, 166 P.2d 197 (1946).

2. Section 74-4-5(1), U.C.A.1953.

I would reverse the judgment and remand the case with directions to dismiss the action. I would award costs to the appellant.

At least the case should be remanded for a determination of the issue of whether or not Pearl Murdock Buckley gave her share of the stock to the appellant.