*In re* ESTATE OF DELBERT MERLE McINTIRE, Deceased.—(IRA FLORENT McINTIRE, Ex'r of the Estate of Delbert Merle McIntire, Petitioner-Appellant, *v.* SATTIE V. YORK *et al.*, Respondents-Appellees.)

Fifth District    No. 76-152

Opinion filed December 17, 1976.—Rehearing denied January 19, 1977.

Harold G. Leffler, of Newton, for appellant.

Frank H. Schniederjon, of Effingham, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This appeal is to review an order entered in citation proceedings brought under sections 183-186 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, pars. 183-186).

The executor of the estate of Delbert Merle McIntire, deceased, filed petitions to cite into court three persons to be examined concerning property of the deceased alleged to be in their possession. These individuals were Sattie V. York, a woman with whom the decedent had resided for several years before his death, and her two sons-in-law, Jerry Plummer and Larry Woods. After a hearing, the court entered an order finding that certain items in question were the property of the estate of the deceased and other items were not. The executor has appealed, contending, (1) the proceedings were for discovery of information only and the court had no power to enter an order concerning ownership of the property; (2) that he was denied the statutory right to a jury trial; (3) that the evidence was not sufficient to establish a gift inter vivos of certain items of property to Sattie V. York.

The chronology of the proceedings had upon the citations was as follows. The petitions filed by the executor recited that Sattie V. York, Jerry Plummer and Larry Woods were in "possession or control [of] or [have] concealed or * * * controverted certain personal property as follows: cattle, hay feed, seed beans, machinery, gates and fencing, chest of drawers, hydraulic jack, welder, antique clock, keys to house and deep freeze, books or records, papers, currency, bank deposit slips and cancelled checks belonging to [the estate] and wrongfully refuse to deliver the same * * *." The petitions also alleged that these same persons were withholding knowledge or information needed by the estate to recover estate property. The petitions prayed that these persons be cited to appear and answer interrogatories propounded and that "the proper order of this court be entered upon such examination if it be found that said described property is the property" of the estate.

Following a hearing at which Sattie York, Larry Woods and Jerry Plummer testified the court entered an order reciting,

"1. That 161 bushels of Soy Beans, now in the possession of Respondent, Larry Woods, a used John Deere Mower, and a used Jack, was the property of the decedent, Delbert Merle McIntire.

2. That 10 Cows, 8 Calves, 1 Bull and 5 Heifers, now in the possession of the Respondent, Jerry Plummer, is not the property of the said Delbert Merle McIntire, the Decedent.

3. That the Refrigerator, One (1) Upright 20.1' Wizard Freezer and One (1) Chest Type Westinghouse 72' Freezer (both Freezers being full of perishable food), a 65 BTU Warm Morning Heating Stove, a Dresser in the small bedroom, a large Chicken Fryer (iron), a pair of Electric Hair Clippers, and Two (2) Closets of Kitchen Items, and personal clothing, and personal items, all of which are located in the residence of the decedent, Delbert Merle

McIntire, at 602 South Van Buren Street, Newton, Illinois, are not the property of the decedent, Delbert Merle McIntire."

The executor then filed a motion requesting that the judgment be "vacated, modified or amended" on the grounds that the petition was for discovery only and the court was therefore without jurisdiction to adjudicate title and enter a formal judgment and that the petitioner-executor was not permitted to present testimony at the hearing. A new hearing was set by the court at which the testimony was presented by the executor. The court entered a second order reaffirming the original order and this appeal followed.

■■ As to the first contention of the estate, that the petition was one limited to discovery only and that the court was therefore without jurisdiction to adjudicate ownership, we disagree. It is evident from remarks made at the first hearing that there was some confusion as to the purpose of the proceedings, discovery of information or determination of title. However, a reasonable reading of the record indicates that the petitioner intended for the court to make a determination concerning title to the property in question. There are several factors which lead us to this conclusion. First, the petition recites that certain property belonging to the estate is in the possession of persons who wrongfully refuse to deliver the same to the executor and then prays that a "proper order of this court be entered * * * if it be found that said described property is the property of * * * the estate * * *." This in itself is sufficient to indicate that it was the intention of the executor that title to the property be determined by the court. (See *In re Estate of Garrett*, 81 Ill. App. 2d 141, 224 N.E.2d 654; *In re Estate of Baxter*, 9 Ill. App. 3d 92, 291 N.E.2d 851.) Second, the motion to vacate or amend the judgment contains an allegation that the estate was not permitted to give testimony. If the proceedings were intended by the executor to be for purposes of discovery of information from the cited persons concerning the property of the estate then any testimony on behalf of the estate would be irrelevant. Even if it be considered that the representatives of the estate were aware that the proceeding had become one to determine title and consequently wished to be heard on the matter, the request for an opportunity to be heard on the issue and the presentation of testimony concerning title constitutes consent to such an adjudication.

■■ The second allegation of error, that the estate was deprived of its statutorily granted right to a jury trial on the issue of title (Ill. Rev. Stat. 1973, ch. 3, par. 186) is answered by these same circumstances. It is evident from the form of the petition that the court was being asked to determine title and consequently the demand for jury trial on behalf of the estate, should have been made at the time of filing the petition. We note that no demand was made at any stage of the proceedings thereafter.

No allegation of the denial of jury trial was contained in the motion to vacate or amend the judgment although it was unmistakably clear at that point that claims of adverse title were involved. Nor was any such demand made at the second hearing. We therefore deem the right to jury trial waived.

The estate next contends that the court's determination that certain items of personal property were not the property of the estate was in error in that a gift to Sattie York of these items was not proved by clear and convincing evidence. It must be kept in mind that the court's order differentiated among three divisions of property. The first group consisted of 161 bushels of soybeans, a used John Deere mower and a used jack which were found to be the property of the estate. These items are not in dispute as it was admitted at the hearing that they were removed by inadvertence and belonged to the decedent. The second group consisted of a list of personal property, including appliances, furniture, clothing and kitchen items which were adjudged not to be the property of the decedent. This determination is supported by the evidence which showed that these items were owned and used by Sattie York before she resided with the decedent and were taken by her into their joint residence and used by her there. The third group of property consisted of livestock which was specifically described, and adjudged not to be the property of the decedent.

■■■ The theory upon which the respondent, Sattie York, proceeded at the hearing was that the livestock was a gift to her from the decedent. The court's determination in this instance is not supported by the evidence. Sattie York simply testified that the cattle were hers, that the decedent had given them to her. Jerry Plummer and Larry Woods testified in a similar vein. They simply asserted that the decedent had told them, at unspecified times and places, that the cattle were Sattie York's, that he had given them to her. There was no evidence adduced as to delivery of the cattle to Sattie York, or relinquishment of possession or control by the decedent. The most that can be said to be established by the testimony given was an intent by the decedent to make a gift, but there was no evidence of that intent being carried out. Mere possession of property which is asserted after the donor's death as a gift, evidence of which was adduced at the hearing, is not sufficient to establish a gift. (*In re Estate of Hackenbroch*, 35 Ill. App. 2d 155, 182 N.E.2d 375; *In re Estate of Skinner*, 111 Ill. App. 2d 267, 250 N.E.2d 295.) This is especially so where the alleged donee and the deceased donor shared a residence. (*In re Estate of Jarmuth*, 329 Ill. App. 619, 70 N.E.2d 336.) It has been held that evidence of an assertion by the deceased to others that an item belonged to one who claimed to be the deceased's donee was not sufficient to establish an inter vivos gift, in the absence of evidence of

change of possession or control, or delivery either actual or constructive, or of other altered circumstances from which a change of ownership could be inferred. (*In re Estate of Bickford,* 74 Ill. App. 2d 190, 219 N.E.2d 159.) The circumstances established here, in our opinion, were not sufficient to establish a valid, completed, inter vivos gift of the livestock to Sattie York.

Accordingly, the decision of the court below is affirmed in part and reversed in part and remanded for proceedings not inconsistent with this opinion.

CARTER, P. J., and G. J. MORAN, J., concur.