In the Matter of the ESTATE OF Louis J. BONNY, Deceased.

No. 16115.

Supreme Court of Utah.

Sept. 6, 1979.

Jeril B. Wilson of Stott, Young & Wilson, Provo, for appellant.

Glen J. Ellis, Provo, for respondent.

WILKINS, Justice:

Louis J. Bonny died intestate on October 17, 1968, leaving then surviving his second wife, now deceased, and his six adult children, all of whom are now living. No Letters of Administration were applied for, and the decedent's estate was not formally settled. On March 28, 1978, the decedent's eldest daughter, Ellen B. Bethers, petitioned the District Court, Utah County, for determination of heirship, alleging that the only asset of the decedent's estate consisted of 11.6 acres of unimproved real property located near Alpine, Utah.

Decedent's youngest son, Paul W. Bonny, (herein "Paul") filed an objection to this petition in which he alleged that he was the owner of the real property described there-

in, having acquired it from his father by purchase and gift during the decedent's lifetime, though he had never received a deed therefor. All other heirs oppose Paul's claim.

After an evidentiary hearing the District Court, sitting without a jury, quieted title to the real property in Paul, and Petitioner Bethers appeals. Affirmed; costs to objector, Paul W. Bonny.

At the evidentiary hearing, Paul introduced three receipts. The first receipt is dated June 13, 1957, and acknowledges receipt from Paul of $250 for "payment on 11 acre property at Alpine." At the bottom left-hand corner of the receipt, after the printed words "Amt. of account," there is written "1500.00." Below that, after the printed words "Amt. paid," there is written "250" and below that, after the printed words "Balance due," there is written "$1250.00." The receipt is signed by Louis J. Bonny. The second receipt is dated 11–27–57, and similarly acknowledges receipt from Paul of $100 as "payment of 11 acres property at Alpine," and is signed by the decedent. The balance due on this receipt is shown to be $1150.00. The third receipt dated September 23, 1959, acknowledges receipt from Paul of $25, and is marked "Full paymt. on property at Alpine. By revised sales price." It is also signed by Louis J. Bonny.

The evidence also revealed that decedent had owned only two plots of real property located near Alpine, Utah; one unimproved 11.6-acre plot, and the other a 2.5-acre plot on which decedent's house had been located, and which he had sold to a third party during his lifetime.

The evidence further showed that decedent had delivered the abstract and other papers pertaining to the unimproved property to Paul; that decedent had signed over the water stock of the property to Paul; that Paul had paid all taxes on the property since 1962; and that Paul had leased the property to a third party for a portion of time before his father's death and had made certain repairs to fences, though he lived in California, and did not reside on the property. Paul additionally introduced into evidence a quit-claim deed, signed by the decedent's widow, by which she quit-claimed any dower interest she might have in the subject property to Paul. Two daughters of decedent, sisters of Paul, had similarly given Paul quit-claim deeds.

Petitioner contends (1) that the Court erred in accepting the receipts as sufficient memoranda to satisfy the statute of frauds and (2) that the evidence does not support a finding of a gift of the unpaid contract balance.

The applicable statute of frauds is Utah Code Ann., 1953, Section 25–5–3, which provides:

> Every contract for the leasing for a longer period than one year, or for the sale, of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, is in writing subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing.

Specifically, petitioner contends that the three receipts do not sufficiently recite the terms and conditions of a contract of sale, rendering it unenforceable. The three receipts may be considered together as a memorandum.[1] These receipts refer to the transaction as a "sale," state the consideration as $1500, acknowledge receipt of part payment from Paul, refer to 11 acres at Alpine, and are subscribed by the decedent as seller. All parties agree that decedent had 11.6 acres at Alpine. Though the property is not described by metes and bounds or with reference to monuments, it is sufficient if the memorandum identifies the property with such particularity that it cannot be confused with, or claimed to apply to any other property.[2] In such a case, the exact description may be

---

1. *Miller v. Hancock*, 67 Utah 202, 246 P. 949 (1926).

2. *Jacobson v. Cox*, 115 Utah 102, 202 P.2d 714 (1949); *Thompson v. Giddings*, Okl., 276 P.2d 229 (1954).

**550**

shown by parol evidence. Further, Walt, a son of decedent and brother of Paul, though he contested Paul's claim to the property, testified that he knew during decedent's lifetime that the property was sold to Paul. There is thus sufficient evidence to sustain the District Court's finding that the receipts constitute a memorandum of a contract for the sale of real property.

Petitioner further argues that neither donative intent on the part of the decedent, nor delivery and acceptance of the gift were proved by clear and convincing evidence in the District Court. Her argument is without merit.

In the case of *Helper State Bank v. Crus,* 95 Utah 320, 81 P.2d 359 (1938),[3] this Court stated:

> . . . it is evident that the important thing is what was the intent of the donor at the time of the transactions in question. If he intended a gift, to pass a present title to the donee, then if his words and acts are sufficient to evidence that intent it is the duty of the courts to hold that such a gift has taken place; but in a case of this kind the evidence must be clear as to his intent.

 Though the receipt dated September 23, 1959, does not explicitly speak of gift or donative intent, the District Court, as finder of fact, could reasonably find, as it did, that the decedent intended to forgive the balance owing, when he wrote on that receipt "payment in full."

 Petitioner's contentions concerning delivery and acceptance are that (1) the decedent did not give Paul the deed to the real property, and (2) there was no acceptance by Paul since he was not in exclusive possession of the land. The first contention is answered by the fact that this is not a gift of real property per se, but a gift of the balance due on a contract of sale, and delivery was effected by delivery of the receipt acknowledging "payment in full."[4]

 The District Court determined by clear and convincing evidence that Paul was in possession of this unimproved property and we are not convinced, on appeal, that the evidence preponderates against that Court's finding. Paul paid all of the real property taxes on the property, leased it to a third party, and received all the rentals therefrom. The decedent received no benefits from the land, and took no duties toward it, after the time of the gift.

 The actions of the decedent in delivering the abstract of title, and executing an assignment of the water stock to Paul are further evidence that decedent intended title to pass immediately to Paul upon delivery of the last receipt.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

**3.** That "clear and convincing" is the standard of proof in the District Court, see also, *First Security Bank of Utah v. Hall,* 29 Utah 2d 24, 504 P.2d 995 (1972), and *Child v. Child,* 8 Utah 2d 261, 332 P.2d 981 (1958).

**4.** See *Helper State Bank v. Crus,* supra.