In the Matter of the ESTATE, OF Katherine Wentland GORRELL, Deceased,

v.

**Robert E. GORRELL, Appellant.**

**No. 860113–CA.**

Court of Appeals of Utah.

July 27, 1987.

Rehearing Denied Sept. 10, 1987.

---

Pete N. Vlahos, Vlahos & Sharp, Ogden, for appellant.

Michael J. Glasmann, Ogden, for respondent.

## OPINION

Before GARFF, BENCH and JACKSON, JJ.

BENCH, Judge:

Appellant Robert E. Gorrell challenges the judgment of a trial court finding a cash asset to be solely an asset of his decedent-wife's estate. We reverse.

Katherine Wentland Gorrell, appellant's wife, passed away May 4, 1984 at the age of 80 and after over 22 years of marriage to appellant. Later that day, while rearranging cupboards in the kitchen, appellant discovered a heartshaped beauty box hidden in a roasting pan. Inside the beauty box he found approximately $43,700.00 in mostly small bills. Prior to this discovery, appellant had no knowledge of the existence of this money.

Appellant contacted the local branch of First Security Bank of Utah, the personal representative of his wife's estate, and informed the bank of his discovery. He later deposited the money in his account at the same bank.

The bank filed a petition with the Second Judicial District Court of Weber County to recover the money as solely an asset of decedent's estate. Concurrent with the petition, the bank placed a freeze on appellant's account. By the time the account was frozen, only about $5,000.00 remained. After a hearing on August 9, 1984, the trial court issued an order restraining appellant from disposing of any of decedent's assets currently in his possession. The court set for trial the matter of proper ownership of the cash.

Trial was held February 5, 1985. Appellant and decedent's daughter from a prior marriage testified concerning the earning capacity and financial background of appellant and decedent. The court placed the burden on appellant of proving ownership of the money and found three possible sources of the money: 1) solely appellant's assets, 2) the combined assets of appellant and decedent, or 3) solely decedent's assets. The court held appellant failed to prove the cash was comprised in whole or in part of money contributed by him, and, therefore, entered judgment for the bank. The court ordered appellant immediately to turn over the unused portion of the money and not to dispose of any of the assets purchased with the discovered money.

On appeal, appellant argues the court's finding of ownership was clearly against the weight of the evidence and the court erred in placing the burden of proof on him. Similar arguments were made in *First Security Bank of Utah, N.A. v. Hall*, 29 Utah 2d 24, 504 P.2d 995 (1972) and in *In re Estate of Bickford*, 74 Ill.App.2d 190, 219 N.E.2d 159 (1966).

In *Hall*, plaintiff bank, administrator of defendant's parents' estates, initiated a proceeding against defendant to recover proceeds from the sale of stock certificates in defendant's possession allegedly belonging to one or the other of the estates. During his lifetime, defendant's father owned stock certificates representing approximately 5,500 shares in a mining company. Defendant claimed her father made a gift of the certificates to her mother, who, in turn, made a gift of them to de-

fendant. In 1969, the market value of the stock increased significantly. Defendant effected a transfer of the shares on the books of the corporation by supplying a bond and thereafter sold the shares. At trial, the sole issue was whether or not defendant had acquired ownership of the shares of stock by way of gift. Evidence at trial showed defendant's father did not sign the assignment and transfer contained on the reverse side of each stock certificate. Furthermore, the certificates remained in the name of defendant's father on the records of the corporation during both parents' lifetimes. The trial court concluded defendant had failed to prove a gift by clear and convincing evidence, and entered judgment for plaintiff. On appeal defendant argued the trial court erred in imposing the burden of proof of ownership on her. The Utah Supreme Court affirmed the trial court and held defendant had the burden of proving ownership, in view of the name on the stock certificates and the absence of transfer endorsements. *Hall*, 504 P.2d at 996. From that holding, it is apparent that once plaintiff had made a prima facie case of ownership, the burden of proof shifted to defendant.

The mechanics of this standard were more clearly articulated in the *Bickford* case. In *Bickford*, the administratrix of decedent's estate initiated a proceeding against respondent, decedent's son, to recover certain assets in respondent's possession allegedly belonging to the estate. One of the contested assets was $2,507.00 in cash discovered, after decedent's death, in the pocket of her dress located in a storeroom of her house. At trial, witnesses for petitioner-administratrix testified decedent owned the home in which she lived. She had operated a restaurant for twelve years prior to her death but, due to ill health, was hospitalized for the three months immediately preceding. Decedent kept all her receipts and business papers in the storeroom. Respondent testified he lived with decedent most of his life including the period of his marriage. He helped his mother in the restaurant which, he testified, was unprofitable for some time prior to her death. Respondent claimed the money consisted of gifts from his father and grandfather which he had delivered to his mother for safekeeping. Respondent had not been employed regularly for eight years.

The trial court entered judgment for petitioner and respondent appealed. The Appellate Court of Illinois held, "The burden of persuasion remains with petitioner but when petitioner has presented a prima facie case of ownership by the decedent the burden of establishing ownership in himself shifts to respondent." 219 N.E.2d at 161. In affirming the trial court for failure of respondent to sustain his burden of proof, the Appellate Court went on to establish criteria for assessing what constitutes a prima facie case of ownership. The Court held as follows:

> The evidence shows clearly that the money involved was in the pocket of a dress owned by decedent and in her control until the time of her removal to the hospital. There is no evidence showing any change in control at that time or from that time to the date of death. In our opinion, this establishes *the element of possession* in decedent at the time of death rather than in Respondent and *when considered with the other evidence amply presents a prima facie case of ownership of such money by decedent.* This being the case, the burden was on Respondent to show by what right he claimed ownership. The facts which Respondent claims support his ownership of the money are disputed in practically every material respect.

*Id.* (Emphasis added.) The "other evidence" which amply presented a prima facie case of ownership of the cash in that case included decedent's exclusive ownership of the dress in which the cash was found, decedent's income through her own business, and the absence of contributions to household income by respondent.

In the instant case, the trial court incorrectly placed the burden of proof on appellant since the bank failed to establish a prima facie case of ownership. The bank established only that decedent owned the home in which the couple lived and that appellant had no prior knowledge of the

hidden cash. No "other evidence" sufficient to establish a prima facie case of ownership was presented. On the contrary, appellant and decedent lived together in decedent's home for over 22 years. There was also no evidence the roasting pan in which the money was found was owned exclusively by decedent. Decedent worked for only three to four years after the marriage and then retired, receiving approximately $225.00 per month in social security. Appellant, however, made significant financial contributions to the marriage. He worked full time for most of the marriage and delivered all of his income to decedent who handled the family finances. Under those circumstances, there being no prima facie case of ownership by the bank, it was error for the court to impose on appellant the burden of proving ownership of the cash.

We therefore reverse the judgment below. Costs to appellant.

GARFF and JACKSON, JJ., concur.